Halladay *et al. v.* Wellington.

---

No. 9291.

### HALLADAY ET AL. *v.* WELLINGTON.

SUPREME COURT. — *Evidence.* — *Commission Merchant.* — *Counter-Claim.* — Where, to a suit for commissions, expenses, etc., in selling flour, a counter-claim for damages for neglect to sell for the best price obtainable, after direction by the defendant, is pleaded, and a verdict and judgment is rendered for the defendant thereon, the Supreme Court will not disturb the judgment on the weight of the evidence.

From the Madison Circuit Court.

*A. T. Harrison* and *J. A. Harrison,* for appellants.
*C. D. Thompson,* for appellee.

FRANKLIN, C.—Appellants, as commission merchants in the city of New York, sued appellee for a balance on commissions, freight and expenses in selling flour for him.

Appellee admitted appellants' account, and answered by way of counter-claim for damages, for not selling the flour when directed for the highest price that could then have been obtained for the same. Trial by jury; verdict for appellee on his counter-claim in the sum of $155.44; and, over a motion for a new trial, judgment was rendered on the verdict.

The only error assigned in this court is the overruling of the motion for a new trial. And the only reason stated for a new trial is, that the verdict is not supported by sufficient evidence.

The evidence shows that appellee was a miller doing business in the city of Anderson, Indiana, and had been in the habit of shipping flour for sale to appellants as commission merchants in the city of New York, appellants advancing money on shipments and paying freights, storage, inspection, insurance, etc.

Under such arrangement appellee on the 27th day of December, 1879, shipped to appellants 125 barrels of flour, with instructions to sell at not less than $7.25 per barrel.

On the 9th of March, 1880, he made a further shipment of 125 barrels, with instructions to sell at the best price that could be realized. On the 13th of March, 1880, he wrote to appellants to sell the first shipment for not less than $6.75. On the 5th of April, 1880, he wrote to appellants to sell all the flour, without limit as to price.

Appellants had advanced at the time, on the first shipment $650, and on the second shipment $625. On the 8th day of May, 1880, appellants sold 125 barrels at $5.75 per barrel; May 19th, 1880, 25 barrels at the same, and May 28th, 1880, 100 barrels at $5.50 per barrel.

The evidence consisted entirely of the correspondence between the parties, and the testimony of appellee as to the market value of flour in the city of New York during the

months of January, February, March, April and May of the year 1880, which showed, as based upon prices current sent by appellants to appellee weekly, the prices to be for the month of January, from $6.50 to $7; for the months of February and March, from $6.25 to $6.75; and did not fall to $5.50 and $5.75 until the 1st of May.

Upon the preponderance of this evidence the amount of the damages assessed on appellee's counter-claim may appear to be slightly excessive. But the evidence clearly tends to support the verdict. And according to the well established line of decisions of this court, the verdict of the jury, in such cases, will not be disturbed by weighing the evidence.

There is no available error in overruling the motion for a new trial. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.